**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PROPHET MORTGAGE OPPORTUNITIES, LP,

        Plaintiff,

-v-

CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, FSB, as both Owner Trustee and Indenture Trustee of RBSHD 2013-1 Trust,

        Defendant,

and RBSHD 2013-1 TRUST,

        Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/11/2024

Case No.: 1:22-cv-09771-MMG

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

    **WHEREAS**, all of the above-captioned parties (collectively, the "Parties," and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    **WHEREAS**, the Parties, through counsel, agree to the following terms; and

    **WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    **IT IS HEREBY ORDERED** that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder;

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential any document or information, in whole or in part, if counsel determines, in good faith, that such designation is necessary to protect the interests of their client in information that is proprietary, a trade secret, or otherwise sensitive non-public information, including without limitation:

(a) commercial information that is not publicly known regarding the RBSDH 2013-1 Trust (including without limitation, non-public communications regarding the RBSHD 2013-1 Trust and its operations and/or between the various "Transaction Parties" regarding the RBSHD 2013-1 Trust and its operations);[1]

(b) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(c) previously non-disclosed material relating to ownership or control of any non-public company or the RBSHD 2013-1 Trust;

---

[1] "Transaction Parties" means all parties to the Trust Agreement, Indenture, and Servicing Agreement, or any other relevant transaction documents of the RBSHD 2013-1 Trust, as well as any Noteholder or Certificateholder of the RBSHD 2013-1 Trust.

      (d)      previously non-disclosed business plans or partnerships, investment strategies, investment holdings, investor identifies, product-development information, or marketing plans;

      (e)      any information of a personal or intimate nature regarding any individual; or

      (f)      any other category of information given confidential status by this Court after the date of this Order (altogether, "Confidential Information").

      3.      With respect to the Confidential designation of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" by stamping each page containing Confidential Information as "CONFIDENTIAL" or otherwise clearly marking it as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

      4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential any Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" designation as soon as reasonably practicable after providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

  (a) the Parties to this action, their insurers, and counsel to their insurers;

  (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who appears to testify at trial or deposition in this action;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including any staff and support personnel), provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(g), or 7(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel

must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal on ECF, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission highlighting the proposed redactions.[2] Any Party that seeks to file Confidential Discovery Material under seal shall file a letter-motion seeking leave to do so in accordance with Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. ECF Rules and Instructions, and Rule I(D) of the Court's Individual & Practices.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice

---

[2] For Confidential Court Submissions that are designated Confidential in their entirety, the Parties shall simply file a copy of the Confidential Court Submission under seal on ECF, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

12. The Parties shall meet and confer if any production requires additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances). If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

13. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. If a Party inadvertently produces material that it believes is subject to the attorney-client privilege, attorney work-product protection, or any other privilege or immunity, the Party may notify the receiving Party (orally or in writing) that such production contained an inadvertent disclosure of privileged or protected material, identify the allegedly privileged or

protected material and demand return or destruction thereof. On such demand, the receiving party shall not thereafter review such materials, and must, within a reasonable amount of time, destroy all copies thereof and confirm to the producing party that it has done so.  The inadvertent disclosure of privileged or protected material shall not operate as a waiver of any privilege, protection, or immunity so long as the Producing Party took reasonable steps to prevent disclosure and upon discovering the inadvertent disclosure took reasonable steps to rectify the error.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must take all reasonable steps to destroy such material, including all copies thereof.  By the 60-day deadline, the recipient must certify such destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: March 4, 2024

By: */s/ Nicole Gueron*

**CLARICK GUERON REISBAUM LLP**
Nicole Gueron
Isaac B. Zaur
David Kumagai
Katherine Broeksmit
220 Fifth Avenue, 14th Floor
New York, NY 10001
Tel: (212) 633-4310
ngueron@cgr-law.com
izaur@cgr-law.com
dkumagai@cgr-law.com
kbroeksmit@cgr-law.com

*Attorneys for Plaintiff Prophet Mortgage Opportunities, LP*

Dated: March 4, 2024

By: */s/ Alexander S. Lorenzo*

**ALSTON & BIRD LLP**
Alexander S. Lorenzo
90 Park Avenue
New York, NY 10016
(212) 210-9400
alexander.lorenzo@alston.com

Christopher A. Riley (pro hac vice)
1201 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 881-7000
chris.riley@alston.com

Samuel Bragg (pro hac vice)
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
(214) 922 3400
sam.bragg@alston.com

*Attorneys for Defendants*

**ORDERED this 11th day of March, 2024.**

BY THE COURT

**MARGARET M. GARNETT**
**United States District Judge**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROPHET MORTGAGE OPPORTUNITIES, LP,<br><br>        Plaintiff,<br>-v-<br><br>CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, FSB, as both Owner Trustee and Indenture Trustee of RBSHD 2013-1 Trust,<br><br>        Defendant,<br><br>and RBSHD 2013-1 TRUST,<br><br>        Nominal Defendant. | Case No.: 1:22-cv-09771-MMG<br><br>**NON-DISCLOSURE AGREEMENT** |

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure Discovery Materials that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                               _____

                                                                               Name:
                                                                               Date: