```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROPHET MORTGAGE OPPORTUNITIES, LP,

                Plaintiff,

-against-

CHRISTIANA TRUST,

                Defendant.

22-cv-09771 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      The Court held a discovery conference on October 11, 2024 to address the discovery disputes raised in Plaintiff Prophet Mortgage Opportunities, LP's September 16, 2024 letter motion and Defendant Christiana Trust's opposition thereto.  *See* Dkt. Nos. 145, 146, 150.  The Court resolved two of the three discovery disputes at the conference and reserved judgment on the third dispute, which concerns whether the fiduciary exception applies to a certain set of documents over which Defendant has asserted privilege.  *See* Dkt. No. 145 at 3; *see also* Dkt. No. 150 at 3; *see also* Dkt. No. 156.  Plaintiff argues that these documents are not privileged due to the application of the fiduciary exception to the attorney-client privilege.  Dkt. No. 145 at 3.  Defendant argues that the fiduciary exception does not apply to an indenture trustee and, even if it did apply, the documents would remain privileged and be unaffected by the exception.  Dkt. No. 150 at 3.

      In accordance with the Court's oral Order at the October 11, 2024 discovery conference, Defendant produced certain additional documents to the Plaintiffs following further review in light of the Court's directives, and then timely provided the Court with 16 documents for *in camera* review.  The Court has considered the arguments presented at the October 11 conference, the parties' written submissions in advance of the conference, and Defendant's *ex parte* letter accompanying the documents at issue, and has carefully reviewed each of the 16 documents provided by Defendant.  On due consideration, the Court finds that Defendant has properly withheld as privileged each of the 16 documents at issue, even assuming the fiduciary exception applied to Defendant as an Indenture Trustee.  Thus, the Court need not reach the issue of whether the fiduciary exception to the attorney-client privilege applies in this case.

      Although Defendant's assertion of privilege over the documents at issue is proper, there are minor inconsistent redactions in the documents.  The acronym "FYI" is unredacted in the document identified as WSFS_0018725, but in other documents that re-produce portions of this email chain, the acronym "FYI" is redacted.  *See* WSFS_0018739; WSFS_0018731; WSFS_0018773; WSFS_0018743; WSFS_0018748.  Therefore, Defendant must re-produce to Plaintiff the documents identified as WSFS_0018739, WSFS_0018731, WSFS_0018773, WSFS_0018743, and WSFS_0018748 without redacting "FYI" so that Defendant's redactions are consistent across all documents.

Accordingly, it is hereby ORDERED that Plaintiff's motion to compel Defendant to produce the document subject to this dispute is DENIED.  It is further ORDERED that Defendant must re-produce to Plaintiff the documents identified as WSFS_0018739, WSFS_0018731, WSFS_0018773, WSFS_0018743, and WSFS_0018748 with the acronym "FYI" unredacted so the redactions for privilege match the redactions in the document identified as WSFS_0018725 no later than **November 22, 2024**.  Defendant is further ORDERED to review all other documents that Defendant has produced to Plaintiff that reflect this email chain and re-produce any documents as necessary to ensure that the acronym "FYI" is unredacted across all produced documents no later than **November 22, 2024**.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 145 and 146.

Dated: November 13, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge